UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RITA W. PLAISANCE, CORBERT J. PLAISANCE, JR. and STACEY PLAISANCE WAGUESPACK, CORBERT J. PLAISANCE, SR. | * * * * * | CIVIL ACTION NO.: 23-5426 |
| VERSUS | * * * | JUDGE MAGISTRATE JUDGE |
| EAGLE, INC. (formerly known as Eagle Asbestos & Packing Co., Inc.), TAYLOR-SEIDENBACH, INC., METROPOLITAN LIFE INSURANCE COMPANY, FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GULF ENGINEERING COMPANY, LLC (as successor-by-merger to Gulf Engineering Company, Inc., f/k/a Gulf Engineering Service & Specialty Company, Inc.), HOPEMAN BROTHERS, INC., INTERNATIONAL PAPER COMPANY, LIBERTY MUTUAL INSURANCE COMPANY (as insurer of Wayne Manufacturing Corporation), PARAMOUNT GLOBAL (f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation), ZURICH AMERICAN INSURANCE COMPANY (as Successor by merger to Maryland Casualty Company as the insurer of Gulf Engineering Company, LLC, as successor by merger to Gulf Engineering Company, Inc., f/k/a Gulf Engineering Service & Specialty Company, Inc.), CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (as the liability insurer of certain Executive Officers of Avondale Industries, Inc.), COLUMBIA CASUALTY COMPANY (as the liability Insurer of certain Executive Officers of Avondale Industries, Inc.), G&H MANAGEMENT (successor by merger to | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

#4861729

| | |
|---|---|
| Geosource, Inc., individually and as | * |
| successor in interest to Hunt Tool Co.), | * |
| HUNTINGTON INGALLS | * |
| INCORPORATED (f/k/a Northrop | * |
| Grumman Ship Systems, Inc., f/k/a | * |
| Avondale Industries, Inc.), LEVEL 3 | * |
| HOLDINGS, INC. (f/k/a Whitney Holdings, | * |
| Inc., as successor in interest to Peter Kiewitt | * |
| Sons' Co.), McDERMOTT, INC. | * |
| (individually and as successor in interest to | * |
| Ike Haggard Machine Works), OREGON | * |
| TOOL, INC. (individually and as successor | * |
| in interest to Blount Brothers Corporation), | * |
| PHARMACIA, LLC (f/k/a Pharmacia | * |
| Corporation, f/k/a Monsanto Company, f/k/a | * |
| Monsanto Chemical Company), | * |
| TRAVELERS INDEMNITY COMPANY | * |
| (f/k/a Commercial Union Insurance | * |
| Company as the liability insurer of certain | * |
| Executive Officers of Avondale Industries, | * |
| Inc.), TRINITY INDUSTRIES, INC. | * |
| (individually and as successor in interest to | * |
| Gretna Machine & Iron Works, Inc.), | * |
| UNION CARBIDE CORPORATION, AND | * |
| ZENITH, INC. | * |
| | * |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated, f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc. (hereinafter "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2023-01575 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana.

2

#4861729

1.

This Court has subject matter jurisdiction because the State Case is an action for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1).

2.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending.  28 U.S.C. § 1442(a).

3.

On February 24, 2023, Corbert Plaisance, Sr. filed a Petition for Damages in the suit bearing Case No. 2023-051575 in Civil District Court for the Parish of Orleans, alleging that Mr. Plaisance was diagnosed with mesothelioma as a result of asbestos exposure.[1] Avondale was not named as a defendant, and there are no specific allegations against Avondale in the original Petition for Damages.  On July 28, 2023, a First Supplemental, Amended, and Restated Petition for Damages (First Supplemental Petition") was filed, substituting Mr. Plaisance's heirs as plaintiffs and bringing survival and wrongful death claims.[2] The First Supplemental Petition alleges that Mr. Plaisance was exposed to asbestos due, in part, to his employment at Avondale from 1957 through 1961, which resulted in his mesothelioma diagnosis and death.[3]

4.

The Petition alleges that Avondale had the responsibility to comply with the standards related to asbestos set forth specifically by the Walsh Healey Public Contracts Act ("Walsh Healey

---

[1] Exhibit A, Original Petition for Damages.

[2] Exhibit B, First Supplemental, Amended, and Restated Petition for Damages.

[3] *Id.* ¶ 8.

#4861729

Act").[4] The Petition further alleges that Avondale "negligently failed to meet those duties" and that "Decedent was exposed to asbestos or asbestos containing products as a result of the negligence…by Defendants."[5] In other words, Plaintiffs contend that, due to Avondale failing to comply with the Walsh Healey Act, Corbert Plaisance, Sr. was exposed to asbestos which caused his mesothelioma.

5.

The Walsh Healey Act applies to U.S. government contracts with private entities exceeding $10,000.00 for the manufacturing or furnishing of goods. Through the Walsh Healey Act, the federal government issued advisories to government contractors, like Avondale, regarding asbestos and safety standards related to the levels of permissible asbestos exposure. The only federal contracts that Avondale had between 1957 and 1961, and thus the only contracts subjecting Avondale to the requirements of the Walsh Healey Act, were contracts between Avondale and the United States to build different types of Federal Vessels. The contracts Avondale had with the United States expressly incorporated the requirements of the Walsh Healey Act at the time they were signed.

6.

During the relevant Avondale employment period, 1957 to 1961, approximately 15 of the vessels under construction at Avondale were constructed pursuant to contracts with the federal government. More specifically, Avondale was constructing vessels built pursuant to contracts with the United States Navy and the United States Maritime Administration ("MARAD"). These vessels included U.S. Navy Destroyer Escorts, Landing Ship Tanks, and DDGs and USMC Ice

---

[4] *Id.* ¶ 13.

[5] *Id.* ¶¶ 14 and 16.

Breaker cargo vessels and Mississippi Shipping Company cargo vessels constructed for MARAD (collectively, the "Federal Vessels"). These vessels were built with asbestos-containing products and materials pursuant to Navy and MARAD's requirements. Thus, to the extent Plaintiffs are alleging exposure to Mr. Plaisance from asbestos-containing materials at Avondale during this time, such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of these U.S. Navy and MARAD vessels.

7.

These Federal Vessels were built with asbestos-containing products and materials pursuant to U.S. Government's requirements. Thus, to the extent Plaintiffs are alleging that Mr. Plaisance sustained exposure from asbestos-containing products at Avondale during this time, such exposure is necessarily attributable to asbestos-containing products required and destined for use in the construction of these Federal Vessels.

8.

Thus, Plaintiffs' First Supplemental Petition reveals on its face that Plaintiffs are claiming Mr. Plaisance's exposure to asbestos at Avondale is attributable, in part, to asbestos used and installed on Federal Vessels at Avondale, pursuant to Avondale's contracts with the federal government. *See, e.g., Bourgeois v. Huntington Ingalls, Inc.,* No. 20-1002, 2020 WL 2488026 at *10 (E.D. La. May 14, 2020) ("Under the broad reading of 'relating to' *Latiolais* dictates, … the evidence that six Navy vessels were under construction while Bourgeois worked at Avondale, tend to show that Bourgeois was likely exposed to asbestos used under the direction of a federal officer, thereby satisfying the connection prong") (Ashe, J.); *Ragusa v. Louisiana Insurance Guaranty Association,* 573 F.Supp.3d 1046, 1052 (E.D. La. Nov. 23, 2021) ("Under the broad reading of the connection prong, the evidence that at least two federal vessels were under construction during the

5

time of the alleged exposure tends to show that Plaintiff was likely exposed to asbestos being used under the direction of a federal officer") (Barbier, J.).

9.

This removal is being filed timely within thirty (30) days of service of Plaintiffs' First Supplemental, Amended, and Restated Petition for Damages on Avondale on August 22, 2023.[6]

10.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

11.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *See Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

12.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the U.S. Navy Destroyer Escorts, Landing Ship Tanks, and DDGs pursuant to contracts with the U.S. Navy, because the federal government contracted with Avondale to perform a task that the government otherwise would itself have had to perform – namely, to build ships "used to help conduct a war" and to further other national interests. *E.g., Watson v. Philip Morris Companies, Inc.,* 551 U.S. 142, 154-54 (2007); *Savoie,*

---

[6] *See* Exhibit B.

6

#4861729

817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy).

13.

Avondale was also "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the USMC Ice Breaker cargo vessels and Mississippi Shipping Company cargo vessels pursuant to contracts with MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

14.

If Corbert Plaisance, Sr. was exposed to asbestos from work undertaken in conjunction with the construction of the Federal Vessels in violation of Walsh Healey's asbestos standards as alleged, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

15.

Plaintiffs' claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

16.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the United States government.

17.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the vessel construction contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

18.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy and MARAD.

19.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels.  If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

20.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

21.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

22.

The United States government also promulgated specific safety rules, regulations, and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh Healey Public Contracts Act, the Occupational Health and Safety Act, and the United States Department of Labor Safety and Health Regulations for Shipbuilding (29 C.F.R. § 1502.1), which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941.  Avondale was guided by and required to comply with these safety regulations during construction of the Federal Vessels.  Federal safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

23.

Avondale raises three colorable federal defenses to one or more of Plaintiffs' claims in this action. First, one or more of Plaintiffs' claims is preempted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq*. *See, e.g., Ingalls Shipbuilding Corp., Div. of Litton Sys. v. Morgan,* 551 F.2d 61, 62 (5th Cir. 1977). This colorable federal defense is raised in an abundance of caution. The recent three judge panel decision in *Barrosse v. Huntington Ingalls Incorporated,* No. CA 21-30761 (5th Cir. Jun. 12, 2023), reversing the Eastern District of Louisiana's decision which applied LHWCA immunity to similar claims against Avondale, is still going through the appeal process. The deadline to appeal to the United States Supreme Court has not expired.

24.

Second, one or more of Plaintiffs' claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *See Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiffs' negligence claims relate to the acts performed under color of federal office.

25.

The reasonably precise design specifications established by the federal government mandated the installation of asbestos-containing materials on the Federal Vessels. The Federal Vessels conformed to the specifications mandated by the United States government—including the specifications mandating the use of asbestos, and Avondale, therefore, built the Federal Vessels using asbestos. The federal government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

26.

Third, Plaintiffs' claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

27.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cit. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

28.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiffs, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

29.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

**ACCORDINGLY**, Avondale gives notice that the proceeding bearing 2023-01575 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**BLUE WILLIAMS, LLC**

*/s/ Kimmier L. Paul*
_____

BRIAN C. BOSSIER (#16818)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (# 26901)
ERIN H. BOYD (#20121)
LAURA M. GILLEN (#35142)
KIMMIER L. PAUL (#35278)
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Phone: (504) 831-4091
Fax: (504) 837-1182
Email: kpaul@bluewilliams.com
      Avondaleasbestos@bluewilliams.com
***Counsel for Huntington Ingalls Incorporated***

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September 2023 I served a copy of the foregoing pleading on counsel for all parties to this proceeding via e-mail, facsimile, and/or mailing same by United States mail, properly addressed, and first class postage paid

*/s/ Kimmier L. Paul*
_____

#4861729