UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORBERT J. PLAISANCE, SR., ET AL.** | * | |
| | * | CIVIL ACTION NO. 23-cv-05426 |
| **Plaintiff** | * | |
| | * | SECTION: O(4) |
| **VERSUS** | * | |
| | * | |
| **EAGLE, INC., ET AL.** | * | JUDGE BRANDON S. LONG |
| | * | |
| **Defendants** | * | MAGISTRATE JUDGE EVA J. DOSSIER |

**************************************************************************

## SECOND SUPPLEMENTAL, AMENDING, AND RESTATED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY

NOW INTO COURT, through undersigned counsel, come Complainants, Rita W. Plaisance, Corbert J. Plaisance, Jr. and Stacey Plaisance Waguespack, the wrongful death beneficiaries of Decedent, Corbert J. Plaisance, Sr. ("Decedent"), who file this Second Supplemental, Amending, and Restated Complaint to the original Petition for Damages and First Supplemental, Amended and Restated Petition for Damages herein the following respects:

**I.**

To the extent that certain matters, claims, and/or parties have been dismissed in the captioned case, Complainants do not re-urge those claims, allegations, and/or matters that have been the subject of joint or consent orders/judgments and/or motions to dismiss.

**II.**

By amending and restating Paragraphs 3 through 31 of the First Supplemental, Amended, and Restated Petition for Damages as follows:

**3.**

Made Defendants herein are the following: either foreign corporations licensed to do and doing business in the State of Louisiana, domestic corporations licensed to do and doing business

in the State of Louisiana, or individuals that are liable unto the Petitioners, for the claims asserted herein:

### SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/MANUFACTURERS AND THEIR INSURERS

A. EAGLE, INC.

B. FOSTER WHEELER ENERGY CORPORATION

C. GENERAL ELECTRIC COMPANY

D. GULF ENGINEERING COMPANY, L.L.C., as successor-by-merger to Gulf Engineering Company, Inc., f/k/a Gulf Engineering Service & Specialty Company, Inc.

E. HOPEMAN BROTHERS, INC.

F. INTERNATIONAL PAPER COMPANY

G. LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Wayne Manufacturing Corporation

H. PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation

I. TAYLOR-SEIDENBACH, INC.

J. ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of Gulf Engineering Company, L.L.C., as successor-by-merger to Gulf Engineering Company, Inc., f/k/a Gulf Engineering Service & Specialty Company, Inc.

### EMPLOYERS/EXECUTIVE OFFICERS/PREMISES OWNERS AND THEIR INSURERS

K. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, as the liability insurer of the following Executive Officers of Avondale Industries, Inc.: Albert Bossier, Jr., James Bull, Henry "Zac" Carter, James T. Cole, J. Melton Garrett, C. Edwin Hartzman, George Kelmell, John McCue, Ewing Moore, James O' Donnell, Earl Spooner, Peter Territo

L. *(intentionally omitted)*

M. *(intentionally omitted)*

N. HUNTINGTON INGALLS INCORPORATED, f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc. ("Avondale")

O. LEVEL 3 HOLDINGS, INC., f/k/a Whitney Holdings, Inc., as successor-in-interest to Peter Kiewitt Sons' Co.

P. *(intentionally omitted)*

Q. OREGON TOOL, INC., individually and as successor-in-interest to Blount Brothers Corporation

R. PHARMACIA LLC, f/k/a Pharmacia Corporation, f/k/a Monsanto Company, f/k/a Monsanto Chemical Company

S. *(intentionally omitted)*

T. TRINITY INDUSTRIES, INC., individually and as successor-in-interest to Gretna Machine & Iron Works, Inc.

U. UNION CARBIDE CORPORATION

V. ZENITH INC.

**4.**

Venue of this removed action is proper in this Court as it is the district court for the district where the State Case was pending. *See* 28 U.S.C. § 1441(a). Complainant nevertheless reserves and does not waive his right to challenge this Court's jurisdiction.

**5.**

*(intentionally omitted)*

**BACKGROUND**

**6.**

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer,

pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

**7.**

As a direct and proximate result of having inhaled, ingested, or otherwise having been exposed to asbestos, as described in Paragraph 8 below, Decedent, CORBERT J. PLAISANCE, SR., contracted malignant mesothelioma, an incurable and horrific cancer caused from asbestos exposure, on February 9, 2023, and died because of his malignant mesothelioma on March 6, 2023.

**8.**

Decedent was exposed to asbestos-containing products while employed by the following employers: Ike Haggard Machine Works in 1956, Avondale Shipyard from 1957 through 1961, Grace Hellums from 1959-1960, Gretna Machine from 1960 through 1962, Hunt Tool from 1964 through 1969, Blount Brothers from 1965 through 1966, Zenith Inc. from 1966 through 1967, and Peter Kiewit from 1967 through 1968. Decedent performed welding work at all locations and worked with and was in close proximity to others using asbestos containing products. Decedent also worked at Union Carbide in Taft, Louisiana for Peter Kiewit. Again, Decedent performed welding work and was exposed to asbestos. Throughout all of Decedent's employment, at the various facilities for the various employers, Decedent removed, and was in close proximity to other contractors and plant employees removing, asbestos-containing insulation materials from piping and equipment. As result of all this work, Decedent was exposed to dangerously high levels of asbestos, which he breathed.

Decedent encountered exposure to asbestos fibers through contact with his father during his childhood. Decedent's father, Herbert Plaisance, worked at Avondale Shipyards from 1952 to

1958. During this period of time, Decedent was living with and being raised by his father. While working at Avondale Shipyards, Decedent's father used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at locations where asbestos fibers escaped into the air. This caused Decedent's father to be exposed to injurious levels of asbestos fibers released into the air from handling asbestos-containing products. These fibers contaminated the Decedent's father's clothing. Decedent's father wore asbestos-contaminated clothing home. The asbestos fibers on the contaminated clothes were then released into the home and inhaled by Decedent.

All of the above exposures subsequently caused Decedent's development of mesothelioma and subsequent death.

**9.**

Each of the Defendants knew, or should have known, through industry and medical studies and standards, the existence of which were unknown to Decedent or Decedent's father, of the health hazards inherent in exposing workers, consumers, and members of the general public to asbestos-containing materials. Despite such knowledge, Defendants chose not to provide such individuals with adequate warnings or instructions for safely working with or around asbestos-containing materials.

**10.**

Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, neither Petitioners nor Decedent discovered their injuries more than one year preceding the filing of this Petition for Damages.

**11.**

Petitioners disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioners also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

**12.**

All causative exposures to asbestos sustained by Decedent and Petitioners occurred on or before December 1980.

## COUNT I: GENERAL NEGLIGENCE ALLEGATIONS
**(All Defendants)**

**13.**

On information and belief, all Defendants identified in Paragraph 3 above were responsible to provide Decedent and his father with warnings concerning hazardous conditions at their sites or relating to their hazardous ACMs and generally to provide Decedent and his father with safe premises in order to protect the life, health, safety, and welfare of Decedent and his father, including the following responsibilities:

- A. Inspection, approval and supervision of these various ACMs and premises for hazards and vices that may present a hazard to Decedent and his father;
- B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people like Decedent or his father;
- C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Decedent or his father;
- D. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

  E.  To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

  F.  To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

  G.  To provide adequate warnings, safety equipment, ventilation, and breathing apparatus in order to prevent Decedent and his father from being harmed by exposure to asbestos in the environment in which he was required to be present;

  H.  To make certain that Decedent and his father was provided a safe environment, free from asbestos dust inhalation and operations free from asbestos dust;

  I.  To measure the levels of asbestos dust in the premises working environment;

  J.  To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and

  K.  To warn Decedent and his father of the dangers posed by the polluted atmosphere in which he worked including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

**14.**

Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

**15.**

Upon information and belief, Defendants knew of the dusty atmospheres in which Decedent and his father worked, which were damaging and dangerous to Decedent and his father. Each knew, or should have known, of the dangers to Decedent and his father's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioners allege that Defendants knew or should have known that injuries, including

but not limited to respiratory illness, could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

**16.**

Decedent and his father were exposed to asbestos or asbestos containing products as a result of the negligence, defective design, manufacture, distribution, marketing, sale, supply, and/or use of asbestos products by Defendants identified in Paragraph 3 above. Petitioners allege that the negligence and other misconduct of these Defendants are/were a proximate cause of Decedent's injuries and death.

**17.**

Defendants were distributors, contractors, manufacturers, sellers, users, distributors, or suppliers of ACMs and were engaged in the business of using, manufacturing, or facilitating the manufacture of ACMs; represented themselves as manufacturers of ACMs; or were professional vendors of ACMs, all of which expected the ACMs to reach the Employer and Premises Defendants' facilities with said ACMs reaching same.

**18.**

The products mined, manufactured, sold, distributed, supplied, shipped, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to Decedent, who was an intended and foreseeable user and bystander exposed to these products. The defects included, without limitation:

A. The mining, manufacture, sale, supply, distribution and/or use of products that are unreasonably dangerous, or unreasonably dangerous *per se*;

B. The mining, manufacture, sale, supply, distribution and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Decedent who would be foreseeably exposed to them in as a result of their intended use;

C. Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D. Lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. Failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F. Failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

G. Failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H. Failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. Defects in the composition and construction of these products;

J. Failure to recall these products mined, manufactured, sold, distributed and/or supplied;

K. Failure to properly package these products so that they could be safely transported, handled, stored and/or disposed of; and

L. Over-warranting the safety of these products that were manufactured, sold, supplied, or used by Defendants.

Petitioners alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Decedent.

**19.**

The defective conditions of Defendants' products and fault, as noted above, were a proximate cause of Decedent's injuries and death.

**20.**

Petitioners also alleges that each and every one of these Defendants were also negligent in engaging in the substandard conduct described above and that this negligence was also a proximate cause of Decedent's injuries and death.

**21.**

The negligence of Defendants was a substantial factor in, and contributed to, causing damages to Petitioners and Decedent.

### COUNT II: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/ MANUFACTURERS

**22.**

The Defendants were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products and were engaged in the business of using, manufacturing, or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Paragraph 3 from which Decedent and his father were exposed.

**23.**

The products mined, manufactured, sold, distributed, supplied, and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Decedent and his father who were intended and foreseeable users and bystanders who were exposed to these products.  These defects include, without limitation, the following:

a.  the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b.  the mining, manufacture, sale, supply, distribution, and use of products that

    possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the individuals who would be foreseeably exposed to them in as a result of their intended use;

c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of; and

l.  over-warranting the safety of these products that were manufactured, sold, supplied, and/or used by Defendants.

**24.**

Petitioners alleges strict liability for things in Defendants' garde, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioners and Decedent.

**25.**

The defective conditions of defendants' products and fault, as noted above, are a proximate cause of Decedent's injuries and death complained of herein.

**26.**

Petitioners also allege that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Decedent's injuries and death.

### COUNT III: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST EMPLOYERS/ PREMISES OWNERS

**27.**

The employers and their executive officers negligently, recklessly, willfully, and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Decedent in the following:

a.  failed to provide the Decedent and his father with a safe work environment;

b.  failed to provide the Decedent and his father with safety equipment;

c.  failed to provide the Decedent and his father with correct, adequate, or proper safety equipment;

    d.    recklessly and negligently failed to disclose, warn, or reveal critical medical and safety information to the Decedent and his father regarding asbestos hazards in general and with regard to those specific hazards at the work site;

    e.    recklessly concealed and negligently omitted to reveal critical medical and safety information from the Decedent and his father regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

    f.    failed to timely remove asbestos hazards from the workplace;

    g.    failed to properly supervise or monitor the work areas for compliance with safety regulations;

    h.    failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

    i.    failed to provide the necessary facilities, practices, and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of the Decedent and his father.

The above-described negligence, fault, and willful misconduct of these defendants were proximate causes of the Decedent's injuries and death.

**28.**

At all times throughout Decedent and his father's exposure to asbestos, the employers and executive officers knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, and knew that those exposed to asbestos on the job could

bring home asbestos on their clothes and thereby injuriously expose those in the household, yet the employers and executive officers consciously chose not to inform Decedent or his father of this information or implement any meaningful safety precautions, all of which were a substantial contributing cause of Decedent's injuries and death.

**29.**

Petitioners further alleges strict premises liability for the premises owners listed above in failing to provide Decedent and his father with a safe place in which to work free from the hazards of asbestos, which failure was a proximate cause of Decedent's injuries and death.

**30.**

The premises within which Decedent and his father were personally exposed to asbestos as set forth in Paragraph 8, were owned by and in the custody of the premises owners, who had control over all contractors and subcontractors working at their facility which was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This unreasonably dangerous condition was a direct and proximate cause of Decedent's injuries and death set forth herein.

**31.**

The premises owners negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Decedent and his father in the following particulars:

a. failure to provide Decedent and his father with a safe place to work;
b. failure to provide Decedent and his father with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local

  exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Decedent and his father's clothing; and

 c. failure to inform or warn Decedent or his father of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Decedent's injuries and death.

  **WHEREFORE**, on the basis of all of the foregoing premises set out in paragraphs 1 through 31, Petitioners request that defendants be served with this complaint and that there be judgment against these defendants jointly, severally, and in *solido* in a sum sufficient to compensate Petitioners for the following:

 a. all past, present, and future medical costs or expenses related thereto;

 b. all past, present and future lost earnings;

 c. all past, present, and future mental suffering, anguish, pain, and suffering;

 d. all past, present and future physical pain and suffering;

 e. loss of quality of life; and

 f. Past, present, and future disability.

## **DEMAND FOR TRIAL BY JURY**

Complainant is entitled to, and specifically requests, a trial by jury of all issues of fact herein.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

*/s/ Philip C. Hoffman*
Philip C. Hoffman (#32277)
Dayal S. Reddy (#31928)
643 Magazine Street, Suite 300A
New Orleans, LA 70130
Telephone: (504) 822-6050
Facsimile: (504) 313-3911
Email: *phil@pchlawfirm.com*
*dayal@phclawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*

**COUNSEL FOR COMPLAINANTS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 16, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system.

*/s/ Philip. C. Hoffman*
PHILIP C. HOFFMAN